UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARGARET A. MOSHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 16-cv-2024-CM-TJJ |
| THE ALARIS GROUP, INC., | ) |
| SARAH GERHART, R.N., and | ) |
| CATHOLIC MUTUAL RELIEF | ) |
| SOCIETY OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

On February 27, 2017, the Court held a telephone motion hearing on the Motion for Protective Order (ECF No. 94) filed by Defendant The Alaris Group, Inc. ("Alaris"). Plaintiff appeared through counsel, Patrick A. Hamilton. Defendants Alaris and Sarah Gerhart appeared through counsel, Bart C. Sullivan and William P. Denning. Defendant Catholic Mutual Insurance Company appeared through counsel, Jean Paul Bradshaw, II and Sean T. Foley. After reviewing the briefing and hearing argument from counsel, the Court grants the motion.

The Court finds that Plaintiff did not make a timely or valid objection to the properly noticed deposition of Dr. Daniel Spurlock. Indeed, Plaintiff concedes in her Opposition that Dr. Spurlock's deposition was appropriately noticed and Plaintiff's counsel consented to the deposition. Only after arriving at Dr. Spurlock's office for the deposition did Plaintiff raise a concern about Dr. Spurlock testifying without a signed HIPAA authorization from Plaintiff. At no time before or during Dr. Spurlock's deposition did Plaintiff move for a protective order under Fed. R. Civ. P. 26(c).

At the beginning of Dr. Spurlock's deposition, Plaintiff's counsel stated:

> I wanted to make a record that Dr. Spurlock does not have a signed HIPAA authorization from [Plaintiff] to discuss her medical treatment or anything about that with anyone and that while we can certainly depose Dr. Spurlock about the authorizations his office received, what steps he took after receiving that authorization and who he sent Maggie's records to, it's my opinion that Dr. Spurlock is proceeding at his own peril if he starts to testify about his care and treatment of [Plaintiff].[1]

This statement, including counsel's stated "opinion" and warning that Dr. Spurlock would be "proceeding at his own peril" if he answered questions without Plaintiff's signed authorization, had the foreseeable effect of terminating Dr. Spurlock's deposition.

To the extent Plaintiff is now asserting objections, the Court overrules Plaintiff's objections to the depositions of Drs. Spurlock and Wheeler based upon the lack of a signed HIPAA authorization or authorizations from Plaintiff. Counsel for Plaintiff's stated basis for his "opinion" regarding the risks of proceeding with Dr. Spurlock's deposition in the absence of such authorization was HIPAA. However, neither in Plaintiff's Opposition, nor when questioned by the Court at the motion hearing could Plaintiff's counsel cite any specific HIPAA provision or any case law to support his opinion. Additionally, Plaintiff's objection that the substance of her medical records is not relevant to her claims—asserted for the first time during the motion hearing—is not a valid basis for prohibiting Defendant Alaris from deposing Dr. Spurlock regarding Plaintiff's medical records.[2]

A health care provider can disclose medical information in judicial proceedings without violating the Health Insurance Portability and Accountability Act ("HIPAA") if served with (1) a

---

[1] Spurlock Dep. 5:5–15, ECF No. 94-1.

[2] *See* D. Kan. Deposition Guideline 5(b) ("Counsel shall not direct or request that a deponent not answer a question, unless (1) counsel has objected to the question on the ground that the answer is protected by privilege, work product immunity, or a limitation on evidence directed by the Court; or (2) the direction not to answer is necessary to allow a party or deponent to present a Fed. R. Civ. P. 30(d) motion to the Court.").

court order authorizing the disclosure of such information or, alternatively, (2) a formal discovery request accompanied by certain required assurances and notices.[3] Specifically, HIPAA regulations set forth in 45 C.F.R. § 164.512(e)(1)(ii)(A) allow a covered entity to disclose protected health information in the course of any judicial proceeding in response to a subpoena, discovery request, or other lawful process, if "[t]he covered entity receives satisfactory assurance . . . from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request."[4]

Defendant Alaris gave notice to Plaintiff of its intent to depose Drs. Spurlock and Wheeler. On February 2, 2017, Defendant Alaris served a notice to take the deposition of Dr. Spurlock on February 10, 20107 (ECF No. 87). On February 8, 2017, it served a notice to take deposition of Dr. Wheeler on February 23, 2017 (ECF No. 91).

Plaintiff argued that she was not aware Defendant Alaris intended to ask questions of Dr. Spurlock regarding Plaintiff's medical records until the morning of Dr. Spurlock's deposition. However, in her First Amended Complaint, Plaintiff asserted a claim for intentional infliction of emotional distress and Plaintiff had previously served answers to interrogatories and disclosures referencing the substance of Dr. Spurlock's medical records as a basis for her damage claims. The Court therefore finds Plaintiff knew or should have known when the depositions were noticed that Defendant Alaris would ask questions of Dr. Spurlock regarding the substance of Plaintiff's medical records. The Court finds that Defendant Alaris provided notice to Plaintiff in compliance with the above HIPAA regulation by serving her with notices of the depositions.

---

[3] *Paliwoda v. Showman*, No. 12-2740-KGS, 2013 WL 3756591, at *1 (D. Kan. July 15, 2013).

[4] 45 C.F.R. § 164.512(e).

Accordingly, Defendant Alaris shall be permitted to re-notice the deposition of Dr. Daniel Spurlock for a date and time mutually agreeable to the parties and Dr. Spurlock. The parties shall likewise reschedule the deposition of Dr. Wheeler for a date and time mutually agreeable to the parties and Dr. Wheeler.

To further eliminate any HIPAA-related concerns, the Court hereby authorizes Dr. Daniel Spurlock and Dr. Eden Wheeler, pursuant to the laws of Kansas and applicable federal law, including but not limited to the Health Insurance Portability and Accountability Act ("HIPAA"), to disclose in this proceeding, including during their depositions, protected health information within their care, custody, or control concerning Plaintiff Margaret A. Mosher. The Court orders counsel to provide a copy of this Order to Drs. Spurlock and Wheeler prior to their depositions.

To the extent Plaintiff is asserting relevance objections to Drs. Spurlock and Wheeler's deposition testimony, Plaintiff may assert those objections to specific questions asked at the depositions, but such relevance objections are not valid bases for precluding the depositions altogether or for essentially instructing the doctors not to answer questions.

In order to further protect Plaintiff's privacy interests, the Court further orders that the transcripts of the depositions of Drs. Spurlock and Wheeler shall be SEALED, and will be deemed confidential and subject to the Protective Order (ECF No. 30) entered in this case, which provides that confidential information be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

The depositions of Drs. Spurlock and Wheeler shall be completed no later than **March 31, 2017**.

5

**IT IS THEREFORE ORDERED THAT** Defendant The Alaris Group, Inc.'s Motion for Protective Order (ECF No. 94) is GRANTED as set forth herein.

IT IS SO ORDERED.

Dated this 1st day of March, 2017.

Teresa J. James
U. S. Magistrate Judge